**UNITED STATES of America,
Appellee,**

v.

**James Nathaniel GIBSON, Appellant.**

**No. 72–1697.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 30, 1972.*

Decided Aug. 5, 1974.

Joseph B. Bullock, Alexandria, Va., (Henry B. Zachary, Alexandria, Va., on brief), for appellant.

Brian P. Gettings, U. S. Atty. (David H. Hopkins, Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and WIDENER, Circuit Judges.

HAYNSWORTH, Chief Judge:

Convicted of the illegal transmission of wagering information in violation of 18 U.S.C.A. § 1084, the defendant has appealed complaining of the district court's failure to suppress evidence obtained from a tap upon the telephone of one Commings. The only claim of illegality in the Commings tap, is that probable cause for that tap was obtained in part from earlier taps on the telephones of one Mantello. The authoriza-

---

* This case was held in abeyance until May 13, 1973, pending the decision in the United States Supreme Court on that date in United States v. Giordano and United States v. Chavez.

tion of the Mantello taps was defective under Title 3 of the Omnibus Crime Control and Safe Streets Act of 1968, and it is said that the suppressible information obtained from the Mantello taps infected the later Commings tap. Since the Mantello taps disclosed no information in any way implicating the defendant here, we conclude he has no standing to raise the question.

The problem presented is an aftermath of United States v. Giordano, 416 U.S. 562, 94 S.Ct. 1858, 40 L.Ed.2d 341 and United States v. Chavez, 416 U.S. 562, 94 S.Ct. 1858, 40 L.Ed.2d 380. The Mantello tap and the Mantello extension tap were authorized by the District Court for the District of Columbia Circuit upon an application which appeared regular upon its face and upon clear probable cause for it. The proceedings were defective under *Giordano* and *Chavez*, however, because the Executive Assistant to the Attorney General, rather than the Attorney General himself, was the authorizing officer. Thus anyone implicated by information obtained from the Mantello taps would have an apparent right to suppress the implicating information under the provisions of the statute. 18 U.S.C.A. § 2518(10)(a).

Gibson, however, was not implicated in any way by information obtained by the Mantello taps. Informed of it at the time, he would clearly have had no standing to suppress information which contained no allusion to him or to his conduct.

The Mantello taps, however, did provide information which in substantial part supplied probable cause for an application for, and authorization of, a tap on the telephone of one Commings.

This application was properly processed in the Department of Justice, duly authorized by the Attorney General himself, and the District Court for the District of Maryland authorized installation of the tap. The Commings tap provided information implicating Gibson, which Gibson would now have us suppress.

The only arrow for Gibson's bow is pointed at the regularity of the proceedings leading up to the Mantello taps. But with respect to those taps, he is not an "aggrieved person" within the meaning of the statute. 18 U.S.C.A. § 2518(10)(a). The clear implication of the statute is that an "aggrieved person" should not include one who is not implicated and against whom no one has made a proffer of information derived from the defectively authorized tap.

Nor does any generalized principle epitomized by the words "fruit of the poisonous tree" assist him. It is true that the Commings tap may never have been authorized but for the earlier Mantello taps. Here, however, we deal not with fundamental constitutional rights, but with a technical procedural error in the Department of Justice which was readily correctible had its presence been recognized. It is not such a source of infection that one so remote as Gibson from it should be given standing to suppress information obtained from later taps upon the telephones of others as a result of proceedings in the Department of Justice which were not procedurally defective. If, in some circumstances, protection of important constitutional rights or the inhibition of police misconduct may require suppression of the "fruit of the poisonous tree," this is not such a case.

Affirmed.