**UNITED STATES of America, Appellee,**

v.

**James WRIGHT, Petitioner-Appellant.**

**No. 1181, Docket 75–2001.**

United States Court of Appeals, Second Circuit.

Submitted July 16, 1975.

Decided Oct. 28, 1975.

 

of New York which denied this application to vacate appellant's conviction.

The facts surrounding appellant's apprehension and conviction are set forth in our prior opinion. Appellant's present complaints are directed solely against the validity of the search warrant described therein which assertedly was secured on the basis of information obtained through illegal wiretapping.

Three wiretaps are involved in this controversy, all upon the telephones of a narcotics dealer named Lawson. On March 31, 1970, properly authorized twenty-day wiretap orders were obtained for telephones located at Lawson's residence and place of business. On April 20 and 21, these orders were extended for fifteen-day periods. Since the applications for the April orders were not approved in advance by the Attorney General or an Assistant Attorney General specifically designated by him, the wiretaps authorized by these orders were illegal. *United States v. Giordano,* 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974). On September 21, 1970, another wiretap was properly authorized for an unlisted phone at Lawson's home, not previously tapped. A portion of the information contained in the application for the September order was obtained from the April taps. Moreover, the affidavit submitted in support of the search warrant contained information obtained from both the April and September wiretaps. It is appellant's theory, in brief, that since the April wiretap was illegal, the September wiretap and the search warrant must likewise fall like the proverbial dominoes.

The threshold defense urged by the Government is the unavailability of a § 2255 as a vehicle for relief herein. Not every error of law may be successfully asserted in proceedings under this section; the error must be a fundamental one which inherently results in a complete miscarriage of justice. *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). Fur-

Alan Scribner, New York City (Fisher, Rosner & Scribner, New York City, of counsel), for petitioner-appellant.

Paul J. Curran, U. S. Atty., S. D. N. Y. (Paul Vizcarrondo, Jr., and John D. Gordan, III, Asst. U. S. Attys., of counsel), for appellee.

Before MOORE, FRIENDLY and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Appellant, unsuccessful in his attempt to upset his narcotics conviction by direct appeal to this Court,[1] now seeks the same relief under 28 U.S.C. § 2255. We affirm the order of Judge Werker of the District Court for the Southern District

---

1. *United States v. Wright,* 466 F.2d 1256 (2d Cir. 1972), *cert. denied,* 410 U.S. 916, 93 S.Ct. 973, 35 L.Ed.2d 279 (1973).

thermore, where constitutional issues are absent, a defendant who fails to request relief patently available to him on the trial or through regular avenues of appeal may be precluded from subsequently securing it through collateral means. *Sunal v. Large,* 332 U.S. 174, 178, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); *United States v. West,* 494 F.2d 1314 (2d Cir.), *cert. denied,* 419 U.S. 899, 95 S.Ct. 180, 42 L.Ed.2d 144 (1974).

Appellant did not challenge the validity of the April wiretaps by proper pre-trial motion under 18 U.S.C. § 2518, *United States v. Sisca,* 503 F.2d 1337 (2d Cir.), *cert. denied,* 419 U.S. 1008, 95 S.Ct. 328, 42 L.Ed.2d 283 (1974), and, indeed, did not challenge the April orders on appeal. His attack on appeal was solely against the September wiretaps, and it was rejected, among other reasons, because it had not been made below. Appellant's present complaint concerning the "technical procedural error", *United States v. Gibson,* 500 F.2d 854, 855 (4th Cir. 1974), *cert. denied,* 419 U.S. 1106, 95 S.Ct. 777, 42 L.Ed.2d 802 (1975), which invalidated the April taps hardly seems to rise to the magnitude to justify relief under § 2255 where none was sought before.

More importantly, we fail to see how appellant has standing to assert the illegality of the April taps. In order to challenge wiretap-derived evidence, one must be an "aggrieved person", *i. e.,* one who was a party to an intercepted wire or oral communication or against whom the interception was directed. 18 U.S.C. §§ 2510, 2518. Since appellant was not a party to any intercepted April communications, none of which occurred on his premises, he is not aggrieved. *In re Dellinger,* 461 F.2d 389, 392 (7th Cir. 1972); *Alderman v. United States,* 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969).

We therefore conclude that since appellant could not have challenged the April wiretaps directly by suppressing information derived therefrom, he cannot challenge them indirectly by suppressing evidence from the subsequent taps and a search warrant which was secured in part through the same information. *United States v. Gibson, supra; United States v. Scasino,* 513 F.2d 47 (5th Cir. 1975); *United States v. Lanese,* 385 F.Supp. 525 (N.D.Ohio 1974).

The September wiretap orders, as to which appellant had standing because of the interception of his own conversation, were not extensions of the April orders and thus arguably subject to the same infirmities as the latter under *United States v. Giordano, supra.* Neither was the information from the April taps essential to the granting of the September orders as in *United States v. Wac,* 498 F.2d 1227 (6th Cir. 1974). Judge Werker found that both the September orders and the search warrant could be sustained without consideration of or reliance upon any information derived from the April wiretaps. In view of our previous discussion we have no occasion to consider whether this is the proper standard when there is a new wiretap order, as distinguished from an extension such as in *Giordano, supra,* 416 U.S. at 532–33, 94 S.Ct. 1820, or to review the correctness of Judge Werker's factual conclusion.

Affirmed.