Harold EDWARDS, Petitioner-Appellant,

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 179, Docket 77–2048.

United States Court of Appeals,
Second Circuit.

Submitted Sept. 23, 1977.

Decided Oct. 25, 1977.

Harold Edwards, pro se.

Robert B. Fiske, Jr., U. S. Atty., S.D. N.Y., New York City (Richard A. Mescon and Frederick T. Davis, Asst. U. S. Attys., New York City, of counsel), for respondent-appellee.

Before FRIENDLY, SMITH and MULLIGAN, Circuit Judges.

PER CURIAM:

In June 1974, appellant Edwards was indicted in the District Court for the Southern District of New York for bank robbery in violation of 18 U.S.C. § 2113(a) (Count One), and for use of a firearm in connection with the robbery, in violation of 18 U.S.C. § 2113(d) (Count Two). A warrant for his arrest was lodged as a detainer at the Manhattan House of Detention (Riker's Island) where Edwards was confined pending trial on state criminal charges. He was later brought to federal court on three occasions pursuant to a writ of *habeas corpus ad prosequendum*. On the first occasion his application to vacate the arrest warrant was granted; on the second he pleaded guilty to Count One of the indictment; on the third he was sentenced to ten years' imprisonment. On each occasion he was promptly returned to Riker's Island.

Some nineteen months after sentence Edwards moved under 28 U.S.C. § 2255 to vacate his conviction and sentence and to dismiss the indictment. The sole ground for the motion was that under *United States v. Mauro,* 544 F.2d 588 (2 Cir. 1976), *petition for cert. granted,* —— U.S. ——, 98 S.Ct. 53, 54 L.Ed.2d 71 (Oct. 3, 1977), his transfer from state to federal custody prior to his guilty plea violated Article IV(e) of the Interstate Agreement on Detainers (IAD). Judge Metzner denied the motion on the ground that, as said in *United States v. Spada,* 331 F.2d 995, 996 (2 Cir. 1964), *cert. denied,* 379 U.S. 865, 85 S.Ct. 130, 13 L.Ed.2d 67 (1965), and in many other cases, e. g., *United States v. Doyle,* 348 F.2d 715,

718–19 (2 Cir.), *cert. denied,* 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965), "a plea of guilty to an indictment is an admission of guilt and a waiver of all non-jurisdictional defects." This appeal followed.

The Government asserts no less than six reasons for rejecting the appeal. These are (1) that *Mauro* was wrongly decided and this panel should seek correction by the court *en banc;*[1] (2) that *Mauro* should not be applied retroactively, cf. *United States v. Sorrell,* 562 F.2d 227 (3 Cir., 1977); (3) that a violation of Article IV of IAD is not cognizable under 28 U.S.C. § 2255; (4) that, as held by Judge Metzner, Edwards' plea of guilty waived any claims with respect to a violation of IAD since such a violation does not affect the jurisdiction of the district court; (5) that Edwards' brief appearances in federal court were not sufficiently substantial to invoke Article IV of IAD, cf. *United States v. Chico,* 558 F.2d 1047 (2 Cir. 1977); and (6) that Edwards, who was being held for a state trial, was not "serving a term of imprisonment" within Article IV of IAD at the times when he was brought to federal court.

We find it unnecessary to consider most of these arguments. While we have no quarrel with the ground on which Judge Metzner placed his decision, we think it preferable to affirm on the broader basis that a claim based on a violation of IAD is not within 28 U.S.C. § 2255.

The first paragraph of § 2255 provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

1. In view of the grant of the Government's petition for certiorari in *Mauro,* —— U.S. ——, 98 S.Ct. 53, 54 L.Ed.2d 71 (Oct. 3, 1977), subse- quent to the submission here, we assume the Government no longer presses this request.

No argument is required to show that Edwards' sentence was not imposed in violation of the Constitution and that the court had "jurisdiction to impose such sentence." Edwards' case therefore must rest on a claim that his conviction was in violation of "laws of the United States" or "is otherwise subject to collateral attack." We endeavored to parse this somewhat murky language in *United States v. Sobell*, 314 F.2d 314, 321 (2 Cir.), *cert. denied*, 374 U.S. 857, 83 S.Ct. 1906, 10 L.Ed.2d 1077 (1963). It suffices here to say that although there was not the same need for including the term "laws of the United States" in § 2255 as there was in § 2254 relating to state prisoners, Congress did so;[2] on the other hand, since a literal reading would lead to the absurd conclusion that any non-harmless error in a federal criminal trial would provide grounds for collateral attack, the Supreme Court has provided a gloss that § 2255 relief is to be given in cases not involving constitutional errors or lack of jurisdiction only when the claimed error of law was "a fundamental defect which inherently results in a complete miscarriage of justice" and presents "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962) (internal quotation marks omitted). This view has been recently reaffirmed, *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); see *Stone v. Powell*, 428 U.S. 465, 477 n.10, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Applying that principle, we have granted relief under § 2255 or in *coram nobis* where, for example, subsequent decisions have made it clear that the petitioner committed no federal offense, see *United States v. Liguori*, 438 F.2d 663 (2 Cir. 1971); *United States v. Travers*, 514 F.2d 1171 (2 Cir. 1974); *United States v. Loschiavo*, 531 F.2d 659 (2 Cir. 1976).

Mere recital of the facts shows how far Edwards' claim is from the tests laid down in *Hill* and *Davis*. Indeed, his claim is even less appealing than those we have recently held insufficient to warrant § 2255 relief in *Alfano v. United States*, 555 F.2d 1128 (2 Cir. 1977) (violation of requirement for sealing intercepted communications, 18 U.S.C. § 2518(8)(a)), and in *Del Vecchio v. United States*, 556 F.2d 106 (2 Cir. 1977) (alleged failure to comply with amended F.R.Cr.P. 11 with respect to guilty pleas). There was no "complete miscarriage of justice" and there are no "exceptional circumstances" in this case.

Judgment affirmed.

---

2. It is clear, of course, that the Interstate Agreement on Detainers is a law of the United States, see 84 Stat. 1397 (1970).