Robert REILLY, Petitioner–Appellant,

v.

WARDEN, FCI PETERSBURG,
Respondent–Appellee.

No. 385, Docket 91–2202.

United States Court of Appeals,
Second Circuit.

Argued Oct. 22, 1991.

Decided Oct. 23, 1991.

Richard M. Weinstein, New York City, for petitioner-appellant.

James B. Duggan, Asst. Dist. Atty. Kings County, Brooklyn, N.Y. (Charles J.

---

Hynes, Dist. Atty. Kings County, Jay M. Cohen, Asst. Dist. Atty. Kings County, of counsel), for respondent-appellee.

Before TIMBERS, WINTER and WALKER, Circuit Judges.

PER CURIAM:

This is an appeal from Judge Sifton's denial of appellant Robert Reilly's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988). Reilly's petition claims that his conviction in New York state court for murder in the second degree violated the Interstate Agreement on Detainers, N.Y.Crim.Proc. § 580.20 (McKinney 1984) ("IAD"). We affirm on the ground that a violation of the IAD is not a ground for relief under Section 2254.

On July 2, 1984, appellant pleaded guilty to federal bank robbery charges and was sentenced to concurrent terms of imprisonment of four and ten years. Appellant was placed in the Metropolitan Correction Center ("MCC") in New York City, a temporary custody facility, pending transfer to a federal penitentiary. On July 10, while in custody at the MCC, appellant was indicted in Kings County for murder in the second degree and was ordered by the Supreme Court for that county to appear for "arraignment and/or trial." On July 12, appellant was taken from the MCC to the New York Supreme Court where he was arraigned. He was returned to the MCC that same day. On July 30, appellant was transferred to a permanent federal prison facility in California. On December 11, appellant was returned to New York for trial and subsequently convicted of murder in the second degree.

The IAD requires that a prisoner who is transferred from one state to another, or from federal detention to a state, be tried on the charge in the receiving state within 120 days of the lodging of the detainer. Appellant argues that his removal from the MCC on July 12 for arraignment triggered the IAD and that his state trial five months later violated Article IV(c) of the IAD.[1]

We have never addressed the issue of whether a violation of the IAD is a cognizable claim under 28 U.S.C. § 2254. However, we have held that an IAD claim is not a cognizable claim under 28 U.S.C. § 2255. In *Edwards v. United States*, 564 F.2d 652 (2d Cir.1977), a prisoner in the state correctional facility at Rikers Island awaiting trial in the state court for bank robbery was removed several times from the Rikers facility to appear in the Southern District of New York. Each time he was promptly returned to Rikers Island. *Edwards* stated broadly that violations of the IAD were not cognizable under Section 2255 because such a holding would lead to "the absurd conclusion that any non-harmless error in a federal criminal trial would provide grounds for collateral attack." *Id.* at 654. *Edwards* thus stated that a violation of the IAD is not "a fundamental defect which inherently results in a complete miscarriage of justice ... present[ing] exceptional circumstances where the need for the remedy afforded by habeas corpus is apparent." *Id.* (quotations omitted).[2]

We conclude that *Edwards* applies equally to prisoners in federal custody removed for state criminal proceedings. *Id.* Sections 2254 and 2255 are parallel statutes, the first applying to collateral attacks by way of habeas corpus by state prisoners, the second governing collateral attacks on convictions by federal prisoners.[3] The Supreme Court has thus held that Sections 2254 and 2255 are functionally similar statutes dealing with different classes of prisoners. *Davis v. United States*, 417 U.S.

---

**1.** Article IV(c) provides:

In respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

**2.** *Edwards* stated as its broad holding that violations of the IAD are not cognizable in a collateral attack. We reaffirm that broad holding.

**3.** In *United States v. Roy*, 771 F.2d 54, 60 (2d Cir.1985), we had previously held that brief temporary transfers from one jurisdiction to another for purposes of arraignment, pleas, or sentencing did not violate the IAD.

333, 344, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974). In *Davis,* the prisoner petitioned for relief under Section 2255 because of a change in the law after his conviction for failure to report for military duty. The Court held that his claim was cognizable under Section 2255 and stated that "there can be no doubt that the grounds for relief under § 2255 are equivalent to those encompassed by § 2254, the general federal habeas corpus statute." *Davis* goes on to say "that § 2255 was intended to mirror § 2254 in operative effect." *Id.* at 344, 94 S.Ct. at 2304. Because the two sections bear a close resemblance and have the same operative effects, they also have the same operative limitations, at least with regard to the magnitude and nature of the error required to sustain a collateral attack.

The judgment of the district court is affirmed.