UNITED STATES of America,

v.

Allen BERGER, Defendant.

Allen BERGER, Petitioner,

v.

UNITED STATES of America, Respondent.

Nos. 85 Cr. 0824 (RWS), 93 Civ. 3419 (RWS).

United States District Court, S.D. New York.

July 14, 1993.

Allen Berger, pro se.

Mary Jo White, U.S. Atty. for the S.D.N.Y., New York City by Andrew C. McCarthy, Asst. U.S. Atty., of counsel, for U.S.

## OPINION

SWEET, District Judge.

The petitioner Allen Berger ("Berger") seeks to have his sentence modified pursuant to 28 U.S.C. § 2255. Berger's petition is

hereby denied for the reasons set forth below.

### Facts and Procedural History

On October 11, 1985, Berger pleaded guilty to Count One of Indictment 85 Cr. 824 (RWS), which charged him with possession of cocaine with intent to distribute. On February 28, 1986, this Court sentenced him to a term of two-and-one-half-years' imprisonment, a five-year special parole term and payment of a $50.00 assessment.

Berger indicates that he served 21½ months of his prison sentence before being released to begin his special parole term. Berger subsequently violated his special parole on several occasions.[1] As a result of those violations, according to the Government, Berger has been incarcerated by order of the Parole Commission on two occasions and recently has been admitted to an inpatient drug treatment program at the direction of his supervising parole officer.

Berger brings the present petition, seeking a modification of his 1986 sentence, on two grounds: first, that he was not advised that a five-year special parole term was possible because the pre-sentence investigation report stated that the mandatory minimum special parole term was three years; and second, that the alleged failure of his counsel to advise him of the differences between ordinary and special parole rendered his attorney's performance constitutionally ineffective.

Berger brought this petition by letter dated March 31, 1993. The letter was originally treated as a motion to vacate Berger's sentence under the caption and case number, *United States v. Berger*, 85 Cr. 0824 (RWS), and on May 6, the Government was ordered to reply. A separate copy of the letter was sent to the Pro Se Office which filed the letter as a new action under the caption and case number, *Berger v. United States*, 93 Civ. 3419. On June 8, 1993, the Government was again ordered to reply. The Government responded to both orders on June 14, 1993, and the matter was taken on submission as of that date.

### DISCUSSION

**1. Berger Has Failed To State A § 2255 Claim**

 It is well settled that § 2255 provides a remedy only for defects which are constitutional, jurisdictional, or in some other respect fundamental. *See United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979); *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974); *Reilly v. Warden, FCI Petersburg*, 947 F.2d 43, 44 (2d Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1227, 117 L.Ed.2d 462 (1992).[2] As the Second Circuit held in *United States v. Wright*, 524 F.2d 1100, 1101 (2d Cir.1975): "Not every error of law may be successfully asserted in proceedings under [§ 2255]; the error must be a fundamental one which inherently results in a complete miscarriage of justice." *Accord Grimes v. United States*, 607 F.2d 6, 10 (2d Cir.1979); *Howard v. United States*, 580 F.2d 716, 720 (5th Cir.1978).

 The Supreme Court has held that a court's alleged violation of a procedural rule in the course of taking a plea or imposing sentence is not properly raised in a § 2255 proceeding. *See Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), is squarely on point. In *Hill*, the defendant filed a § 2255 motion claiming that the sentencing judge had failed to comply with Rule 32(a)(1)(C), which provides that a defendant must be accorded an opportunity to speak on his own behalf before sentence is imposed. The Supreme Court held that an alleged

---

1. Berger contends that the violations were "technical" in nature, while the Government asserts that the violations leading to the revocation of his special parole included two subsequent drug arrests, one felony drug conviction, and several instances of cocaine use.

2. As a general rule, a federal district court has jurisdiction to entertain a § 2255 petition only if the movant is in custody under sentence of a federal court. *See* 28 U.S.C. § 2255 (1988); *accord,* Rule 1, Rules Governing Section 2255 Proceedings in the United States District Courts. Although Berger is no longer in custody, his special parole status, with its potential for revocation, would make habeas relief appropriate were there a meritorious claim here. *See Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963).

failure to follow the formal requirements of Rule 32 was not a claim that could be raised by collateral attack under § 2255. 368 U.S. at 426, 82 S.Ct. at 470. As the Court explained, the alleged error was "neither jurisdictional nor constitutional," nor "a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure." *Id.* at 428, 82 S.Ct. at 471. For similar reasons, the Supreme Court in *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), held that an alleged violation of Rule 11 during the taking of defendant's guilty plea was not a claim which could be raised in a 2255 motion.

Thus, even had it been true that the Court failed to comply with Fed.R.Crim.P. 11(c) in advising Berger of the possibility that he could be sentenced to five years' supervised release, which was not the case, a cognizable habeas claim could not be premised on such a basis.

## II. *Berger's Petition Is Untimely*

■ Berger's claims alleging an error in the Court's failure to advise him of a sentencing possibility and ineffective assistance of counsel seven years ago are clearly waived because he has procedurally defaulted by failing to assert them on direct appeal.

In *Campino v. United States,* 968 F.2d 187, 190 (2d Cir.1992), the Second Circuit held that "failure to raise a claim on direct appeal is itself a default of normal appellate procedure, which a defendant can overcome only by showing cause and prejudice." That holding was reiterated in *Billy–Eko v. United States,* 968 F.2d 281, 283 (2d Cir.1992), in which the Second Circuit refused to grant habeas relief when the appellant had "not contended, either in the district court or on appeal, that the factual and legal basis for his constitutional claims were not available at the time of his direct appeal." Under the *Campino* rule, "a procedural default of even a constitutional issue will bar review under § 2255, unless the defendant can meet the 'cause and prejudice' test." *Campino,* 968 F.2d at 190 (citing *Fiumara v. United States,* 727 F.2d 209 (2d Cir.), *cert. denied,* 466 U.S. 951, 104 S.Ct. 2154, 80 L.Ed.2d 540 (1984)). Although "cause" and "prejudice" cannot be delineated with precision, the Supreme Court has provided some guidance. " '[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot be fairly attributed to him." *Coleman v. Thompson,* —— U.S. ——, ——, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991). The "prejudice" must be so substantial that the integrity of the entire proceeding is infected. *See United States v. Frady,* 456 U.S. 152, 169–170, 102 S.Ct. 1584, 1595–96, 71 L.Ed.2d 816 (1982).

## III. *There Is No Basis For Berger's Rule 11 Claim*

■ Even if Berger's claims had been raised in a proper form,[3] summary rejection would be compelled. The Rule 11 claim defies analysis since it is simply without basis. The record of Berger's plea proceeding establishes that Berger understood that while the Court was required to impose at least three years of special parole, the Court was also empowered to impose as much as a lifetime special parole term. Indeed, at the very beginning of the plea proceedings, when the Court addressed Berger and advised him of the potential sentence as required by Rule 11(c)(1) Fed.R.Crim.P., the Court inadvertently neglected to include a description of the possible special parole term. At that point, Berger's counsel interjected, reminding the Court of the special parole term, to which the Court responded, "Oh, yes. I would also be able or I would be required to impose a special parole term which could be

---

3. Berger failed to file any affidavit to support his factual claims, and did not otherwise submit his motion papers under penalty of perjury. Rule 2(b) of the Rules Governing § 2255 Proceedings in the United States District Courts specifically provides that the motion "shall be signed under penalty of perjury by the petitioner[,]" and this Court's decisions have likewise made clear that the motion must be supported by a *"sufficient* affidavit." *United States v. Aiello,* 814 F.2d 109, 113 (2d Cir.1987) (*quoting Dalli v. United States,* 491 F.2d 758, 760 (2d Cir.1974); *accord Newfield v. United States,* 565 F.2d 203, 207 (2d Cir. 1977)). The absence of an affidavit alone justifies summary dismissal of the petition.

from three years to life." Tr. at 2. The defendant subsequently acknowledged that he had understood the Court's statements, that he was satisfied with counsel's representation, and that after thorough consultation with counsel he had no questions for the Court or counsel regarding his rights. Thereafter counsel added that the defendant was freely entering his guilty plea with an understanding of the consequences.

◼ Berger cannot establish cause and prejudice for the failure to assert his meritless ineffective assistance claim. The test for evaluating such a claim is well settled: To prevail, a defendant must (1) overcome a strong presumption that counsel's conduct was reasonable and show that his counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice," namely, show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 693–94, 104 S.Ct. 2052, 2067–68, 80 L.Ed.2d 674 (1984); *accord United States v. Eisen,* 974 F.2d 246, 265 (2d Cir.1992); *Mills v. Scully,* 826 F.2d 1192, 1197 (2d Cir.1987); *United States v. Cruz,* 785 F.2d 399, 405 (2d Cir.1986). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight ... and to evaluate the conduct from counsel's perspective at the time." *United States v. Jones,* 918 F.2d 9, 11–12 (2d Cir.1990) (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065); *accord Strouse v. Leonardo,* 928 F.2d 548, 553 (2d Cir.1991).

## IV. *Berger Has Failed To Satisfy The Criteria To Qualify For The Relief He Seeks*

◼ Although, having served the prison term imposed, Berger sought only modification of his sentence rather than withdrawal of his plea, a motion to withdraw a plea (and thus undo a sentence) based on purported ineffective assistance of counsel will fail unless the defendant can satisfy the two-prong test established by the Supreme Court in *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Under the *Hill* test, a defendant must show: (1) that his counsel's representation fell below an objective standard of reasonableness, as determined by the range of competence required of attorneys in criminal cases; and (2) that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *See Hill,* 474 U.S. at 57–59, 106 S.Ct. at 369–71; *accord Tate v. Wood,* 963 F.2d 20, 26 (2d Cir.1992). In this regard, the fundamental question is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970); *see also Hill,* 474 U.S. at 56, 106 S.Ct. at 369; *Ventura v. Meachum,* 957 F.2d 1048, 1058 (2d Cir.1992).

When these principles are applied in assessing Berger's petition, it is concluded that he has failed to establish not only cause for the default in raising the Sixth Amendment claim in a timely fashion but also any merit to his claim because the record is devoid of any indication that he has suffered any prejudice whatsoever. Berger has not suggested that he was not guilty of drug distribution.[4]

The experienced defense lawyer who counselled him in entering his plea discussed post-sentence administration with him, met with him several times in preparation for taking the plea, and thoroughly reviewed the discovery. The representation Berger received resulted in this Court, which was inclined to impose a much harsher sentence in view of the fact that Berger was an accomplished cocaine dealer who had, on this occa-

---

4. In his letter, while minimizing his involvement in drug dealing, Berger acknowledges that he was indeed guilty of cocaine distribution. Given that fact, and the obvious prejudice to the government in attempting to revive a seven year old prosecution, settled law would compel denial of a plea withdrawal motion had Berger made one. *Cf., e.g., United States v. Gonzalez,* 970 F.2d 1095, 1100 (2d Cir.1992); *United States v. Rodriguez,* 968 F.2d 130, 141 (2d Cir.1992); *United States v. Quinones,* 906 F.2d 924, 928 (2d Cir.1990), *cert. denied,* 498 U.S. 1069, 111 S.Ct. 789, 112 L.Ed.2d 851 (1991); *United States v. Lombardozzi,* 436 F.2d 878, 881 (2d Cir.), *cert. denied,* 402 U.S. 908, 91 S.Ct. 1379, 28 L.Ed.2d 648 (1971).

sion, been caught in connection with a relatively small amount, to impose a more lenient term.

Moreover, given Berger's undeniable guilt, even if he had gone to trial and been convicted, the Court would have been required to impose three years of special parole. Given the speed (within months of his initial release) with which Berger violated his release conditions and engaged in more felony drug behavior, his present predicament would be the same. Indeed, if the fact that special parole meant Berger recently faced renewed incarceration, and fear of that outcome induced him to obtain the drug treatment which seems to have worked over the last month, it might well be said someday that special parole has saved him from a far more serious hazard than additional jail time. In any event, Berger clearly received adequate representation.

Berger has not been prejudiced, and his § 2255 petition is denied.

It is so ordered.