104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Frank SACCO, Plaintiff-Appellant,
v.
The PEOPLE of the State of New York; Thomas J. Byrne,
County Court Justice for the State of New York, Orange
County; George Gradlau, Special Prosecutor for the State of
New York; Office of Court Administration of the State of
New York; The Interstate Agreement on Detainers Coordinator
for the State of New York, Defendants-Appellees.
 No. 96-2442.
 United States Court of Appeals, Second Circuit.
 Nov. 19, 1996.
 
 APPEARING FOR APPELLANT:On Submission.
 APPEARING FOR APPELLEE:On Submission.
 S.D.N.Y.
 AFFIRMED.
 Before LUMBARD, OAKES and PARKER, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was on submission by appellant and appellees.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Pro se plaintiff Frank Sacco appeals from the order of the District Court dated May 22, 1996 dismissing his complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.
 
 
 4
 In March 1990, Sacco was brought to New York State under the Interstate Agreement on Detainers Act (the IADA) after being indicted for second degree murder. Sacco moved to dismiss the indictment, alleging, inter alia, that he had not been brought to trial within the time limitation imposed by the IADA. In February 1991, Justice Thomas J. Byrne of the County Court, Orange County denied the motion. In March, Sacco was convicted. Judge Byrne subsequently denied Sacco's motion to vacate the conviction. The conviction was affirmed on appeal. The Appellate Division held, inter alia, that Sacco had waived his right to a trial within IADA time limits and that in any event the delay did not violate IADA time limits. People v. Sacco, 199 A.D.2d 288, 289 (2d Dep't), appeal dismissed, 82 N.Y.2d 853 (1993), appeal denied, 84 N.Y.2d 832; 84 N.Y.2d 939 (1994). Sacco unsuccessfully sought habeas relief. Sacco v. Cooksey, No. 95 Civ. 1216(CLB) (S.D.N.Y. Oct. 4, 1995). He also unsuccessfully sued his attorney. Sacco v. Bailey, No. 93 Civ. 1438(KTD), 1994 WL 48800 (S.D.N.Y. Feb. 16, 1994), aff'd, 40 F.3d 1237 (2d Cir.1994) (table).
 
 
 5
 Sacco then sued defendants in district court under 42 U.S.C. § 1983 for a declaratory judgment that Justice Byrne, who presided over his state court criminal trial, misapplied the IADA, 18 U.S.C., App. 2. Sacco also sought injunctive relief to compel Justice Byrne to issue a new hearing on Sacco's IADA claims. The district court granted defendants' motion to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction.
 
 
 6
 We review de novo the legal conclusions supporting a dismissal for lack of subject matter jurisdiction. In re Vogel Van & Storage, Inc. v. Navistar Financial Corp., 59 F.3d 9, 11 (2d Cir.1995).
 
 
 7
 Sacco raised the IADA claims in state court, where they were rejected. By seeking review of those claims in district court and requesting declaratory and injunctive relief with respect to the state court judgment, Sacco is seeking review of the state court judgment. The district court properly dismissed Sacco's complaint because it cannot review the state court judgment. Final judgments of a state court in judicial proceedings may only be reviewed by the Supreme Court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 486 (1983); see Gentner v. Shulman, 55 F.3d 87, 89 (2d Cir.1995) (dismissing § 1983 complaint for lack of jurisdiction); Tang v. Appellate Div. of N.Y. Sup.Ct., 1st Dep't, 487 F.2d 138, 141-42 (1973) (same). Sacco can pursue his IADA claims by filing a petition for a writ of certiorari. See Fex v. Michigan, 507 U.S. 43 (1993) (addressing IADA claims made in state court); 28 U.S.C. § 1257(a).
 
 
 8
 Even if Sacco's complaint is construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the district court still properly dismissed the complaint. IADA claims are not cognizable in habeas corpus proceedings. Reilly v. Warden, FCI Petersburg, 947 F.2d 43, 44 (2d Cir.1991).
 
 
 9
 We affirm the judgment of the district court.