**Miguel ESPAILLAT, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 03–2020.

United States Court of Appeals, Second Circuit.

April 30, 2004.

Gerald E. Bodell, Westport, CT, for Appellant.

David V. Kirby, First Assistant United States Attorney for the District of Vermont (Peter W. Hall, United States Attorney; Gary G. Shattuck, Assistant United States Attorney), Rutland, VT, for Appellee, of counsel.

Present: SACK, SOTOMAYOR, Circuit Judges, and KAPLAN, District Judge.*

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

---

\* Of the United States District Court for the Southern District of New York, sitting by designation.

Petitioner–Appellant Miguel Espaillat appeals from the district court's denial of his motion pursuant to 28 U.S.C. § 2255 to vacate his conviction for possession of with intent to distribute an indeterminate amount of cocaine in violation of 21 U.S.C. § 841(a) (1). Prior to this conviction, Espaillat had been released on conditions on the section 841 charge and subsequently incarcerated in New York State based on a conviction in that state, where the U.S. Marshals Service lodged a detainer against him based on "violation of conditions of release." Upon his release from the New York prison, Espaillat was brought before the district court, where he pleaded guilty to the section 841 charge. Espaillat did not appeal. In a section 2255 motion, Espaillat argued that he had not been tried on the section 841 charge within the 180–day period required by article III(a) of the Interstate Agreement on Detainers Act ("IAD"), 18 U.S.C.App. 2, § 2, and that his trial counsel had been constitutionally ineffective in failing to raise the issue. The district court denied the motion and Espaillat's request for a certificate of appealability ("COA"). This court issued a COA limited to the following issues:

(1) whether the [IAD], 18 U.S.C.App. II § 2, applies in this case; (2) whether defense counsel was aware of the detainer and was responsible for ensuring proper delivery of the speedy trial request; (3) whether counsel's possible ineffectiveness in failing to ensure delivery, which may have foreclosed dismissal of the indictment, rendered appellant's guilty plea invalid; and (4) what relief is appropriate.

This court reviews a district court's denial of a section 2255 motion *de novo.*

*Fountain v. United States,* 357 F.3d 250, 254 (2d Cir.2004).

There is some question whether the detainer was based on an "untried indictment, information, or complaint," a prerequisite for application of IAD article III(a). *See Carchman v. Nash,* 473 U.S. 716, 725, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). But assuming *arguendo* that article III(a) was applicable here, it is clear that it was not violated. There is no evidence that any request for a speedy trial was actually delivered to the district court, and thus the 180–period prescribed by article III(a) never began to run. *Fex v. Michigan,* 507 U.S. 43, 52, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993). Moreover, IAD claims are not cognizable under section 2255. *Reilly v. Warden, FCI Petersburg,* 947 F.2d 43, 44 (2d Cir.1991) (per curiam).

Espaillat argues that his trial counsel was constitutionally ineffective in failing to raise his IAD claim before the district court. Because this argument is outside the bounds of the COA, we will not address it. *Armienti v. United States,* 234 F.3d 820, 824 (2d Cir.2000). Espaillat does not argue or suggest that his counsel was under a duty to ensure proper delivery of the speedy trial request, and therefore we do not consider the issue. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.