Brian **PIZETZKY**, Petitioner,

v.

**ATTORNEY GENERAL**, Respondent.

No. 04–CV–2604(ADS).

United States District Court, E.D. New York.

Aug. 5, 2004.

Brian Pizetzky, Kings Park, NY, Petitioner pro se.

Thomas J. Spota, Suffolk County District Attorney, by Glenn Green, Assistant District Attorney, Riverhead, NY, for Respondent.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is the petition of Brian Pizetzky ("Petitioner" or "Pizetzky") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner argues that his transfers from federal to state custody for his state court criminal proceedings violated his rights under federal law, specifically, the Interstate Agreement on Detainers Act ("IAD"). He also asserts that counsel was ineffective for failing to argue that these transfers were improper.

On July 2, 2004, the District Attorney of Suffolk County, as attorney for the Attorney General, as Respondent, opposed Pizetzky's petition and asked this Court not to issue the usual Order to Show Cause, directing the District Attorney to respond. The Respondent claims that such an Order is unnecessary because this petition is premature. Specifically, the Respondent informs the Court that, on October 20, 2003, in the County Court of Suffolk County (Gazzillo, J.), Pizetzky pled guilty to Criminal Possession of a Controlled Substance in the Fifth Degree and he is currently awaiting sentencing for that conviction. The Respondent also argues that, in any event, the Petitioner's alleged IAD violations are not cognizable claims for federal habeas review.

In his reply, the Petitioner asserts that this Court does maintain jurisdiction over his IAD claims because he is currently in an impatient drug treatment program pursuant to a special condition of a June 19, 2003 sentence, imposed by the Honorable Thomas C. Platt of the Eastern District of New York. The Petitioner concludes that this federal sentence provides the authority for the instant claims. *See* Pet'r Ltr to Court dated July 3, 2004 at 1 (stating that "IAD has been cognizable in § 2254 proceedings where the 'United States is the sending jurisdiction' ").

## DISCUSSION

■ Under the speedy trial provisions of IAD, a prisoner who is transferred from federal to state custody must be tried within 120 days of the date that the detainer is lodged against him. *See Chico–Polo v. Seanez*, No. 95–CV–4103 (CPS), 1996 WL 497142 at *2 (E.D.N.Y. Aug. 26, 1996). If a prisoner is not tried within this time frame, the charges against him in the receiving state must be dismissed without prejudice. *Id.* at *2.

■ Even assuming that the state authorities violated the Petitioner's rights under IAD, the Petitioner fails to present a cognizable claim that would warrant federal habeas relief. *Reed v. Farley*, 512 U.S. 339, 342, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (holding that "a state court's failure to observe the 120–day rule of IAD Article IV(c) is not cognizable under § 2254 when the defendant registered no objection to the trial date at the time it was set, and suffered no prejudice attributable to the delayed commencement"); *Reilly v. Warden*, 947 F.2d 43, 44 (2d Cir.) (holding that violations of the Interstate Agreement on Detainers are not cognizable claims in habeas corpus petitions under

28 U.S.C. §§ 2254 and 2255), *cert. denied,* 502 U.S. 1115, 112 S.Ct. 1227, 117 L.Ed.2d 462 (1992); *Keeling v. Varner,* No. 99–CV–6565 (JBW), 2003 WL 21919433 at *5 (E.D.N.Y. June 17, 2003) (finding that violations of IAD are not cognizable claims by state prisoners in federal habeas petitions).

■ Accordingly, the Court dismisses Petitioner's alleged IAD violations for failure to state a cognizable claim. Also, the Court finds that Pizetzky's ineffective assistance of counsel claim is unexhausted because he is presently awaiting sentencing on his state conviction and he has not yet pursued this claim on direct appeal. *See Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991) (finding that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims").

### CONCLUSION

Accordingly, the Court dismisses Brian Pizetzky's petition for a writ of habeas corpus and denies him a certificate of appealability because he fails to demonstrate a substantial showing of the denial of a constitutional right. *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**