**John BILLY–EKO, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 990, Docket 91–2456.**

United States Court of Appeals, Second Circuit.

Argued March 6, 1992.

Decided July 2, 1992.

Michele L. Adelman, New York City (Howard W. Goldstein, Fried, Frank, Harris, Shriver, & Jacobson, of counsel), for petitioner-appellant.

Emily Berger, Asst. U.S. Atty., E.D.N.Y. (Andrew J. Maloney, U.S. Atty., Mark W. Lerner, Asst. U.S. Atty., E.D.N.Y., of counsel), for respondent-appellee.

Before: PIERCE and ALTIMARI, Circuit Judges, and KEENAN, District Judge.*

---

* The Honorable John F. Keenan, United States District Court for the Southern District of New York, sitting by designation.

ALTIMARI, Circuit Judge:

Petitioner-appellant John Billy–Eko appeals from a judgment of the United States District Court for the Eastern District of New York (Nickerson, J.), denying petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 and denying his motion for reconsideration. The district court denied the petition on the merits. We affirm on the ground that Billy–Eko has procedurally defaulted his habeas claims by failing, without cause, to raise them on direct appeal from his conviction.

## BACKGROUND

Viewed in the light most favorable to the government, the evidence at trial established the following. On April 15, 1987, Billy–Eko, a Nigeria Airways DC 10 pilot, arrived at John F. Kennedy International Airport ("JFK") as a passenger aboard Nigeria Airways Flight No. 850, from Lagos, Nigeria. Though not part of the crew for that flight, Billy–Eko traveled in full uniform and passed through customs along with the crew. On that day, customs inspectors at JFK decided to search both the passengers and crew of the Nigeria Airways flight. Upon searching Billy–Eko, inspectors discovered over three pounds of heroin concealed in his carry-on bag and over four pounds of heroin in the pockets of his raincoat.

Billy–Eko subsequently was arrested and charged with importing heroin into the United States, in violation of 21 U.S.C. §§ 952(a) & 960(b)(1), and with possessing heroin with the intent to distribute, in violation of 21 U.S.C. §§ 841(a) & 841(b)(1)(A)(i). After a five-day jury trial during which Billy–Eko was represented by counsel, Billy–Eko was convicted as charged. He subsequently was sentenced to two concurrent ten-year terms of imprisonment, to be followed by two concurrent five-year terms of supervised release, and was ordered to pay a special assessment of $50 on each count.

With newly-appointed appellate counsel, Billy–Eko appealed his conviction. On direct appeal, Billy–Eko contended that the district court abused its discretion by disallowing certain testimony and by allowing the jury to handle the heroin found in Billy–Eko's bag and raincoat. This court affirmed the conviction in an unpublished summary order. *United States v. Billy–Eko*, 863 F.2d 46 (2d Cir.1988) (mem.).

Billy–Eko, then proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of New York. In his petition, Billy–Eko raised claims of ineffective assistance of trial counsel and prosecutorial misconduct, neither of which was raised on direct appeal. Judge Nickerson, before whom the case was tried, denied the motion on the merits and denied a subsequent motion for reconsideration. The district court did, however, amend Billy–Eko's sentence by substituting a five-year term of special parole for the previously imposed five-year term of supervised release.

On this appeal, Billy–Eko, represented by counsel, again raises claims of ineffective assistance of trial counsel and of prosecutorial misconduct. Although the grounds for these claims are largely different from the grounds advanced before the district court, none of the claims was advanced on direct appeal.

## DISCUSSION

According to the government, Billy–Eko's failure to raise on direct appeal the claims he now advances in his habeas petition and on appeal constitutes a procedural default barring this court from considering the merits of his petition. We agree.

■ In *Campino v. United States*, 968 F.2d 187 (2d Cir.1992), decided after the appeal was argued in this case, this circuit held for the first time that the "cause and prejudice" standard is the appropriate test for determining whether a defendant's fail-

ure to raise constitutional claims on direct appeal is a default of appellate procedure foreclosing review of those claims in a § 2255 petition.

Prior to *Campino*, this circuit evaluated such claims under the "deliberate by-pass" standard, articulated by the Supreme Court in *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) for proceedings under 28 U.S.C. § 2254, and later extended to § 2255 proceedings in *Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). *See, e.g., Brennan v. United States*, 867 F.2d 111, 117 (2d Cir.), *cert. denied*, 490 U.S. 1022, 109 S.Ct. 1750, 104 L.Ed.2d 187 (1989). However, based on recent decisions in which the Supreme Court has abandoned the "deliberate by-pass" test in favor of the "cause and prejudice" test in the functionally equivalent context of § 2254 proceedings, *see, e.g., Keeney v. Tamayo–Reyes*, —— U.S. ——, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992); *Coleman v. Thompson*, —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *McCleskey v. Zant*, —— U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), and on concerns of finality, accuracy, and judicial economy that underlie both § 2254 and § 2255 proceedings, we expressly abandoned the "deliberate by-pass" test and adopted the "cause and prejudice" test to determine whether "a federal defendant has waived a constitutional claim under § 2255 by failing to raise it on direct review." *Campino* at 189; *see also United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Norris v. United States*, 687 F.2d 899 (7th Cir.1982).

█ Under the applicable standard, we first consider whether Billy–Eko can establish "cause" for his failure to raise his habeas claims on direct review. After Billy–Eko's conviction, new appellate counsel was appointed. On direct review, counsel decided to challenge only certain evidentiary rulings made by the district court, and did not raise the Fifth and Sixth Amendment claims Billy–Eko now advances. Significantly, Billy–Eko has not contended, ei-

ther in the district court or on appeal, that the factual and legal bases for his constitutional claims were not available at the time of his direct appeal. Nor has Billy–Eko claimed that his counsel on direct appeal rendered ineffective assistance. Indeed, in response to a question posed by the panel during oral argument, Billy–Eko's current counsel affirmed that Billy–Eko challenged only the representation of trial counsel. Under these circumstances, Billy–Eko cannot show "cause" for his procedural default. *See Murray v. Carrier*, 477 U.S. 478, 486–87, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986) ("the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.").

As a result of our conclusion that Billy–Eko cannot show cause for his failure to raise his current habeas claims on direct appeal, we need not reach the issue of whether Billy–Eko was prejudiced by his procedural default. Accordingly, we hold that Billy–Eko is procedurally barred from raising his constitutional claims. Although we affirm the denial of Billy–Eko's habeas corpus petition on different grounds than those relied on by the district court, it is well-settled that a reviewing court "may affirm 'on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court.'" *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 68 (2d Cir. 1991) (citation omitted).

## CONCLUSION

Based on the foregoing, we affirm the judgment of the district court.