**Alex STIER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 93–CV–1172.

United States District Court, N.D. New York.

Dec. 1, 1994.

Alex Stier, pro se.

Thomas J. Maroney, U.S. Atty., N.D. of N.Y., Syracuse, NY (Kimberly M. Zimmer, Asst. U.S. Atty.), for respondent.

## MEMORANDUM, DECISION AND ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

On January 13, 1994 defendant Alex Stier (hereinafter "Stier") in an appearance before this court pled guilty to a one count criminal information in which he was charged with conspiracy to commit bank fraud pursuant to 18 U.S.C. § 1344. On May 24, 1993, Stier was sentenced to 15 months incarceration, 24 months supervised release and restitution of $765,637.30 for which he is jointly and severally liable. To date, Stier has served the period of incarceration and is participating in a work release program.

On September 8, 1993, Stier initiated this action pursuant to 28 U.S.C. § 2255 contending *inter alia* that the amount of financial loss attributed to him was erroneous and failed to consider reparations already made. It is further argued that the Presentence Report (hereinafter "PSR") was calculated incorrectly and deprived him of a credit for acceptance of responsibility, that the restitution ordered was unlawful because damages attributed to Stier were in excess of losses which could be reasonably expected in light of his participation, and that he was denied effective assistance of counsel since mental health issues were never raised as a defense or mitigating factor.

For the reasons stated below, this court finds that Stier is procedurally barred from raising issues in this motion which could have been brought in the initial proceedings. Furthermore, the court finds Stier's allegation of ineffective representation to be incongruous with the record to date. As a result the this motion pursuant to § 2255 is denied.

## II. DISCUSSION

### A. Collateral Attack on the Imposed Sentence

A motion under 28 U.S.C. § 2255 offers relief in the form of collateral attack to pris-

oners under a sentence in excess of that which is authorized. Stier attacks his sentence alleging that errors occurred which have adversely effected the calculation of his sentence. However, none of these issues was raised during the initial proceedings, or on appeal (since no direct appeal of sentence was ever made).

■ It is well established law that failure to raise an issue during judicial proceedings bars a litigant from raising that same issue at a subsequent proceeding absent a showing of cause excusing the initial default and actual prejudice which results therefrom. *See Fiumara v. United States,* 727 F.2d 209 (2d Cir.), *cert. denied,* 466 U.S. 951, 104 S.Ct. 2154, 80 L.Ed.2d 540 (1984). In *Fiumara* it was held that a failure to move to suppress evidence in a criminal proceeding, prior to trial, operated as a procedural bar, preventing plaintiff from further attack without a demonstration of cause and prejudice. Thus evolved the cause and prejudice test.

■ In applying this test, the Second Circuit has held that "procedural default of even a constitutional issue will bar review under § 2255 unless the defendant can meet the cause and prejudice test." *Campino v. U.S.,* 968 F.2d 187, 190 (2d Cir.1992). This is also true for litigants who seek direct appeals since a "failure to raise a claim on direct appeal is itself a default of normal appellate procedure, which a defendant can overcome only by showing cause and prejudice." *Id.* Furthermore, in subsequent proceedings if a litigant does not demonstrate sufficient cause for the default of said issue, the court need not determine whether the litigant was prejudiced. *Billy–Eko v. U.S.,* 968 F.2d 281, 283 (2d Cir.1992).

■ Defendant Stier failed to raise any of the allegations now made at any prior proceedings and has failed to attack the sentence via direct appeal. No explanation has been offered in an attempt to demonstrate cause for this omission. His only attack comes via this action, which is inappropriate since § 2255 motions are not a vehicle for direct appeal.

■ Regarding Stier's alleged mental condition, the court finds no evidence in the record indicating that a diagnosis of mental disability has ever been made. Stier contends he has been diagnosed with a "dependent personality disorder",[1] however he offers nothing to support this naked assertion. As a result, the court treats this allegation as self serving and dubious at best.

This conclusion finds support in various statements made by Stier in which he indicates no history of mental illness. First in the Presentence Report, Stier indicates no mental disability. (PSR at 9). At Stier's plea allocution when asked by this court if he was, or had recently been, under the care of a psychiatrist for a mental condition, Stier answered that he was not. (Tr.Pl.Alloc. 1/13/93 at 4). Finally, in his own papers Stier indicates that he suffers from no psychological problems. Upon being referred to the psychologist at the Federal Prison Camp in which Stier was incarcerated due to repeated medical complaints, Stier stated he "has a medical problem, not a psychological problem." (Motion For Release on Bail Pending Consideration of 28 U.S.C. § 2255 Motion, Exhibit A–6).

■ A similar analysis is in order for the remaining allegations of erroneous calculation of restitution and improper calculation of sentence level. Stier was asked directly by this court if he had and factual disagreements with the sentencing report and after consultation with counsel, Stier replied "It's fine sir." (Tr.Pl.Alloc. 5/24/93 at 3). Since these issues were not raised during the initial proceedings, further consideration of under the guise of a § 2255 motion is not appropriate.

Based on the forgoing, the court concludes that Stier is barred from raising these claims now, since no direct appeal was made and no cause has been shown for that decision. Stier has failed to meet first prong of the *Campino* test, and as a result the court need not determine whether Stier was actually prejudice by the result of this determination.

## B. Effective Counsel

Stier contends that he did not receive effective assistance of counsel, alleging that counsel failed to appreciate the extent to which he was suffering from diminished capacity due to mental illness. In support of this allegation Stier has provided an affidavit from Thomas Spargo (hereinafter "Spargo") counsel of record, stating that he was unaware of Stier's mental condition and failed to appreciate the relevancy of this condition as a defense or a mitigating factor which could be considered during sentencing. As noted above, aside from allegations made by Stier, the court finds no evidence contained within the record indicating that a disability exists. However, in analyzing the effectiveness of counsel, validity of the alleged illness need not be considered.

■ When reviewing allegations regarding the effectiveness of counsel, policy reasons abound supporting the court not second guessing tactical decisions made by counsel. Such scrutiny could serve to chill the adversarial process by adversely affecting "counsel's willingness to serve, impairing the independence of defense counsel, discouraging acceptance of assigned cases, and undermin[ing] the trust between attorney and client." *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). As a result of such grave considerations the standard for such a challenge is high requiring the defendant overcome the presumption that under the circumstances, the strategy chosen by counsel was sound. *Id., quoting, Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955).

■ To establish the existence of ineffective assistance of counsel, a litigant must show that (1) an attorney's representation was unreasonable under prevailing professional norms, and (2) but for counsel's unprofessional errors the result of the initial proceeding would have been different. *Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. at 2068. Furthermore, the court must

---

**1.** Dr. Joette Warren has allegedly diagnosed Stier with a "dependent personality disorder." Dr. Warren who is now Stier's ex-wife, was a counselor to Stier in his first marriage. Stier offers no evidence of this or any other diagnosis sufficient to establish the existence of a disability.

attempt to "eliminate the distorting effects of hindsight ... a court must indulge the strong presumption that counsel's conduct falls within the range of professional assistance." *Id.* at 690, 104 S.Ct. at 2066.

### 1. Unreasonable Under the Prevailing Norms

In the instant motion Stier alleges that by failing to raise or consider a diminished capacity defense, counsel did not provide adequate representation, the result of which was offensive to prevailing professional norms. To this end defense counsel has submitted an affidavit averring that he failed to consider and appreciate the gravity of Stier's mental health background as an initial defense and subsequently as a consideration in sentencing.

██ On first blush it is possible to conclude that the omissions of Spargo would rise to the level of inadequate representation, however, upon further examination such is not the case. In his affidavit Spargo avers only to the knowledge of the existence of past mental health counseling, he does not recognize the existence of a diagnosed disability. The existence of mental health counseling by itself, clearly does not form the basis for an insanity defense under 18 U.S.C. § 17. Therefore the utility which may be gained from its use as a defense tactic is well within the discretion of counsel under *Strickland.*

For the policy reasons noted above, the court is unwilling to consider whether such strategy was sound. It is sufficient to conclude that a decision whether to utilize Stier's counseling as a defense is well within the purview of counsel and the course taken does not offend the prevailing professional norms. Therefore based in the information provided by the record as a whole, the court finds insufficient evidence to overcome the presumption that effective assistance of counsel was rendered under the first part of the *Strickland* test.

### 2. Demonstration of a Different Outcome

For Stier to make a showing of ineffective counsel he must demonstrate that but for counsel's unprofessional errors the result of the initial proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068; *see also Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Stier has made no such showing. Neither his papers, nor the record provides evidence that had Spargo presented the issues raised here any other result would have been reached.

██ First with regard to the alleged mental illness, the affirmative defense of insanity has two components both of which must be established. A defendant must prove that he suffered from the illness at the time of commission of the "act constituting the offense" and as a result of a severe "mental disease or defect [the defendant] was unable to appreciate the nature and quality or the wrongfulness of his act." 18 U.S.C. § 17(a). The alleged defect must then be proved by "clear and convincing evidence." 18 U.S.C. § 17(b).

Nothing in Stier's papers, or the record sufficiently indicates that he suffered from such an illness. Furthermore, the affidavit of Spargo does not indicate an awareness of facts sufficient to establish a defense or the existence of any mental illness. The sole indicia of mental illness is provided to the court in Stier's affidavit. As mentioned previously, the court does not find any diagnosis to support this allegation and notes that this evidence falls well short of clear and convincing standard required by the statute. Furthermore, the court questions whether mental health counseling alone, absent diagnosis of disability, falls within the sphere of severe mental defect as contemplated by the statute. *See generally* Henry T. Miller, *Recent Changes In Criminal Law: The Federal Insanity Defense,* 46 La.L.Rev. 337 (1985). *See also* Ira Mickenberg, *A Pleasant Surprise: Guilty But Mentally Ill Verdict Has Both Succeeded In Its Own Right and Successfully Preserved The Traditional Role Of The Insanity Defense,* 55 U.Cin.L.Rev. 943 (1987).

Based on the lack of evidence to support the existence of a mental illness, it would be difficult for the court to conclude that had Spargo presented this defense any other result would have been reached. Furthermore,

Stier makes no attempt to demonstrate evidence in support of this proposition. Given the foregoing the court finds insufficient evidence to conclude that the conduct of Spargo was sufficiently offensive to the prevailing norms of the legal profession so as to constitute ineffective assistance of counsel. Remembering that the court operates under a strong presumption that counsel's conduct falls within the range of professional assistance, the court does not find sufficient evidence to indicate otherwise. Finally, no evidence has been offered which would allow the court to conclude that a different outcome may have occurred had counsel pursued an insanity defense with respect to the mental health issue.

## III. CONCLUSION

In summary, the court finds defendant Alex Stier is procedurally barred from raising issues in support of this motion which were available for presentation during initial criminal proceedings. Mr. Stier has not shown cause for failing to raise these issues prior to this motion. Furthermore, after a review of the record as a whole, the court does not find sufficient evidence to conclude that Mr. Stier received ineffective representation by counsel. For the foregoing reasons the motion is denied.

**IT IS SO ORDERED.**