**Venard GARVIN, Petitioner,**

**v.**

**UNITED STATES of America, Respondent.**

**No. 84 Cr. 746 (JES).**

United States District Court, S.D. New York.

April 10, 1995.

Venard Garvin, Brooklyn, NY, pro se.

Mary Jo White, U.S. Atty., S.D.N.Y., (Baruch Weiss, Asst. U.S. Atty. of counsel), New York City, for U.S.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Venard Garvin, acting *pro se,* brings this motion to vacate, set aside or correct his sentence to avoid incarceration resulting from an alleged violation of his special parole imposed pursuant to conviction. Garvin contends that any further incarceration would amount to cruel and unusual punishment under the Eighth Amendment to the United States Constitution. For the reasons that follow, the motion is denied.

## BACKGROUND

In December 1984, after a jury trial, Venard Garvin was convicted of narcotics distribution in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A). On January 31, 1985, the Court sentenced Garvin to a term of two years of incarceration followed by three years of special parole. The Second Circuit affirmed his conviction by summary order. *United States v. Garvin,* 770 F.2d 158 (2d Cir.1985).[1]

After serving his jail term, Garvin was released from prison and began his special parole term.[2] On July 14, 1989, however, Garvin was incarcerated due to a violation of his special parole, which was revoked on October 19, 1989. Garvin was again released from prison on March 4, 1991, and his special parole term was extended to July 13, 1992, pursuant to 21 U.S.C. § 841(c). On January 16, 1992, a warrant was issued for Garvin's arrest for alleged violations of the special parole, including possession of heroin and hypodermic needles, use of heroin and cocaine on three occasions, theft of services and petty larceny.

Prior to any resolution of these alleged violations of parole, Garvin was tried, convicted, sentenced and incarcerated in New York State Court. This offense, involving the sale of heroin, is unrelated to the incidents precipitating the issuance of the federal warrant for violation of the terms of his special parole referred to above. The state court sentenced Garvin to a prison term of two to six years on August 5, 1992. Upon completion of that prison sentence, Garvin still faces additional detention for the alleged violation of the terms of his special parole.

As a consequence, Garvin moves to be relieved of any further incarceration based upon the alleged violation of his special parole term. Garvin argues that further incarceration would amount to cruel and unusual punishment due to his short life expectancy as a result of his contraction of the AIDS virus. Although it is unclear whether the instant motion falls under Rule 35(b), Rule 35(a) or 28 U.S.C. § 2255, this Court concludes that the motion must be denied for the reasons which follow.[3]

## DISCUSSION

If construed to be a Rule 35(b) motion to vacate, this petition must be denied

---

1. On appeal, Garvin argued that there was insufficient evidence to convict him of aiding and abetting, that the only evidence presented to the grand jury was hearsay testimony from a police officer, and that the government acted improperly in some unspecified way. Garvin did not appeal the imposition of a special parole term. *See United States v. Garvin,* 770 F.2d 158 (2d Cir.1985).

2. Unless otherwise indicated, all post-conviction criminal history was obtained from the Government's Memorandum of Law in Opposition to Garvin's "Motion to Vacate, Set Aside or Correct Sentence" ("Gov't. Mem."). The Government obtained the information primarily from Cheryl

Holmes of the United States Probation Office, Garvin's parole officer. *Id.* at 1.

3. Because Garvin brings the instant motion under the criminal docket number of his conviction, the motion could be construed as a criminal motion to correct, set aside or vacate his sentence under Rule 35(a) or 35(b). Although he did not file a separate civil action, Garvin entitled his motion "Petition for Writ of Habeas Corpus Pursuant to U.S.Code 28–2255" (hereinafter "Pet'n."). A *pro se* petition should be construed liberally and deferentially. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652, *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972).

for lack of subject matter jurisdiction. Because Garvin was sentenced in 1985 for an offense committed in 1984, the Federal Sentencing Guidelines are inapplicable to this case. At the time of sentencing, the applicable version of Rule 35(b) required a defendant to file a motion for a reduction of sentence within 120 days of sentencing, or from the date that his conviction becomes final.[4] Absent a timely motion, the court lacks jurisdiction to reduce or modify the sentence. *See United States v. Addonizio,* 442 U.S. 178, 189, 99 S.Ct. 2235, 2243, 60 L.Ed.2d 805 (1979). In this case, because Garvin's motion was filed in 1992, more than seven years after his conviction became final, the Court lacks jurisdiction to grant his motion.

■ If the petition is considered to be a motion under Rule 35(a), which does not impose a time limit for filing, it fails on the merits.[5] The sentence imposed upon Garvin is neither in excess of a statutory provision nor otherwise contrary to the applicable sentencing statute, and thus, in no sense, constitutes an illegal sentence. *See United States v. Huss,* 520 F.2d 598, 602 (2d Cir.1975). Indeed, the special parole term imposed was mandated by the applicable statutory provision, 21 U.S.C. § 841(b)(1)(A), which required the imposition of at least three years of special parole.[6]

■ Nor is the petitioner entitled to relief under 28 U.S.C. § 2255. *See United States v. Detrich,* 940 F.2d 37, 38–9 (2d Cir. 1991), *cert. denied,* 502 U.S. 1121, 112 S.Ct. 1242, 117 L.Ed.2d 475 (1992). First, Garvin failed to challenge the imposition of the special parole term on direct appeal. *See Unit-*

*ed States v. Garvin,* 770 F.2d 158 (2d Cir. 1985). Where, as here, a defendant has failed to raise a claim on direct appeal, his claim is barred from collateral review on a 28 U.S.C. § 2255 petition unless he demonstrates "cause" for the default of normal appellate procedure and actual "prejudice" from the alleged violation on which the claim is based. *See Campino v. United States,* 968 F.2d 187, 189 (2d Cir.1992); *Billy–Eko v. United States,* 968 F.2d 281, 282–83 (2d Cir. 1992); *see also United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982).

As noted above, Garvin makes no colorable claim that the sentence was illegal or unconstitutional when imposed and cites no facts known at the time of sentencing that would support such a claim. If Garvin contracted the AIDS virus prior to sentencing, he failed to make those facts known to the Court at sentencing and that failure, for the reasons referred to above, procedurally bars his claim here since no showing of cause for the failure is even alleged much less established. If Garvin contracted AIDS subsequent to his sentencing, neither he nor the sentencing court could have known of such events at the time of sentencing, and thus the legality of the sentence at the time it was imposed could not conceivably have been affected by that circumstance.

■ There is likewise no merit to Garvin's argument that because of his terminal condition of AIDS, special parole is "tantamount to a life sentence," Pet'n. at 1, which Garvin terms a "death sentence," Pet'n. at 2, thus entitling him to § 2255 relief. Although courts have addressed issues relating to the imposition of special parole in certain cases,

---

4. The version of F.R.Cr.P. 35(b) applicable to offenses committed prior to November 1, 1987 provides:

> A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation.

5. The version of F.R.Cr.P. 35(a) applicable to offenses committed prior to November 1, 1987 provides:

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

6. The version of 21 U.S.C. § 841(b)(1)(B) in effect at the time of sentencing provides in pertinent part:

> Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least three years in addition to such term of imprisonment.

*see Gozlon–Peretz v. United States,* 498 U.S. 395, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991); *Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980); *Walberg v. United States,* 763 F.2d 143, 148 (2d Cir. 1985) (rejecting due process claim); *United States v. Hecht,* 1989 WL 3522 (E.D.Pa. June 19, 1989) (petitioner's poor health does not constitute basis for habeas corpus relief); *United States v. Hamilton,* 1993 WL 70226 (E.D.La. Mar. 10, 1993) (§ 2255 petitioner's infection with AIDS does not raise constitutional issue and does not constitute miscarriage of justice); *United States v. Jones,* 1993 WL 188670 (E.D.La. May 24, 1993); *United States v. Jones,* 1993 WL 541527 (E.D.La. Dec. 21, 1993), no case has held that the imposition of a special parole term on a person suffering from the AIDS virus renders the sentence unconstitutional or illegal.[7]

## CONCLUSION

For the reasons stated above, the Clerk of the Court is directed to dismiss the petition and close the above-captioned action.

It is **SO ORDERED.**

See also, 871 F.Supp. 625.

---

**7.** This is especially true since the continuation of Garvin's special parole sentence beyond his release from state incarceration is attributable solely to his own violation of the terms of his special parole. It is Garvin's inability to satisfactorily complete his special parole term that resulted in the two revocations which caused that term to be revoked and created the hardship alleged here. For this reason, the Court would be ill disposed to exercise any discretion in his favor even if such discretion existed.