UNITED STATES of America

v.

John M. COOKS, Defendant.

Crim. Action No. 95–00112 (CRR).

United States District Court,
District of Columbia.

Sept. 11, 1996.

John M. Facciola, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, appeared on the briefs, for Plaintiff.

John M. Cooks, pro se, Defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

Before the Court is the defendant's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255. The defendant pled guilty to conspiracy to possess with the intent to distribute fifty (50) grams or more of cocaine base. On July 31, 1995, the Court sentenced him to sixty (60) months imprisonment. In the present Motion, the defendant argues that, pursuant to

Section 80001(a) of the Violent Crime Control and Law Enforcement Act of 1994, Pub.L. 103–322, 108 Stat. 1796, 1985–86 (1994) (codified at 18 U.S.C. § 3553(f))—commonly referred to as the U.S. Sentencing Guidelines' ("the Guidelines") "safety valve" provision, U.S.S.G. § 5C1.2—he is entitled to a reduction in sentence. Upon consideration of the defendant's motion, the opposition thereto, the applicable law, and the entire record in this case, the Court concludes that the defendant is not entitled to a reduction in his sentence. Therefore, the motion by the defendant for a reduction of his sentence shall be denied.

### DISCUSSION

**I. THE DEFENDANT'S § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE MUST BE DENIED BECAUSE THE DEFENDANT HAS NOT SHOWN CAUSE WHY HIS CLAIM WAS NOT ASSERTED AT SENTENCING OR ON DIRECT APPEAL AND HAS NOT SHOWN THAT ACTUAL PREJUDICE RESULTED FROM A FAILURE TO APPLY THE GUIDELINE'S SAFETY VALVE PROVISION.**

When a defendant has failed to raise a claim at sentencing and on direct appeal, that claim is barred from collateral review on a 28 U.S.C. § 2255 petition unless the defendant demonstrates "cause" for his procedural default and "actual prejudice" from the alleged error on which the claim is based. *See United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982) (applying "cause and actual prejudice" standard to § 2255 motion to vacate sentence based on defective jury instructions when defendant failed to raise objection at trial or on direct appeal); *United States v. Kleinbart,* 27 F.3d 586, 590 (D.C.Cir.) (same), *cert. denied,* —— U.S. ——, 115 S.Ct. 456, 130 L.Ed.2d 365 (1994); *Garvin v. United States,* 882 F.Supp. 68, 70 (S.D.N.Y.1995) (applying "cause and actual prejudice" standard to collateral attack by the defendant of the term of his incarceration when defendant failed to raise issue on direct appeal).

### A. The Defendant Has Not Shown Cause Why This Claim Was Not Raised at Sentencing or On Appeal.

■ The defendant here has not shown cause why he failed to raise the instant claim at sentencing or on direct appeal.[1] He simply asserts the claim in the motion currently before the Court, without any explanation for why it was not raised earlier.

### B. The Defendant Has Not Shown That Actual Prejudice Resulted From a Failure to Apply the Guidelines' Safety Valve Provision.

The defendant has not, and cannot, show that actual prejudice resulted from a failure to apply the Guidelines' safety valve provision. First, the Court was not required to apply the safety valve provision to the offense to which the defendant pled guilty. Second, the defendant does not qualify for downward departure pursuant to the safety valve provision. Third, the defendant fails to show that the Court did not consider the mitigating factors the defendant lists in his Motion.

#### 1. The Court Was Not Required To Apply The Safety Valve Provision To The Offense To Which The Defendant Pled Guilty Because The Offense Is Not Within The Provision's Scope.

##### a. Congress enacted the safety valve provision to foster greater coordination between mandatory minimum sentencing and the federal sentencing guidelines.

In cases in which the Guidelines sentence is higher than the mandatory minimum, "any applicable mitigating factors recognized by the Guidelines operate to provide a propor-

tionally lower sentence than would apply to a similarly situated offender who lacked these mitigating characteristics." H.Rep. 103–460, 103d Cong., 2d Sess. 4 (1994). Ironically, however, prior to the safety valve provision's enactment, "for the very offenders who most warrant proportionally lower sentences—offenders that by Guideline definitions are the least culpable—mandatory minimum sentences generally operated to block the sentence from reflecting mitigating factors." *Id.*

Congress enacted the safety valve provision in 1994 to correct this anomaly. Under the provision's terms, if a defendant meets the criteria set forth therein, the court is to sentence him in accordance with the applicable Guidelines range "without regard to any statutory minimum sentences *that would otherwise apply.*" H.Rep. No. 103–460, 103d Cong., 2d Sess. 5–6 (1994) (emphasis added); *see United States v. Thompson,* 76 F.3d 442, 456 (2d Cir.1996) (same). Thus, Congress was clear that the danger for which the provision acts as a safety valve is a mandatory minimum sentence that would otherwise bar consideration of mitigating factors for less culpable offenders.

##### b. The safety valve provision does not embrace the offense of conspiracy under 18 U.S.C. § 371 because the offense does not carry a mandatory minimum sentence and is not specifically listed in the provision.

■ The offense for which the defendant pled guilty in this case—conspiracy to possess with the intent to distribute fifty (50) grams or more of cocaine base, under 18 U.S.C. § 371—has no mandatory minimum sentence,[2] and, in fact, has a mandatory *maximum* sentence well below the Guidelines range applicable in this case.[3] *See* 18

---

1. Uncontested by the defendant, and by the Court's own memory, the defendant failed to raise this claim at sentencing or on appeal. *See* Government's Opposition To Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant To 28 U.S.C. § 2255 at 1.

2. Had the defendant been adjudged guilty of committing the underlying substantive offense, possession with intent to distribute fifty (50) or more grams of cocaine base, 21 U.S.C. § 841(a)(1), he would have been subject to a

mandatory minimum sentence of ten (10) years pursuant to 21 U.S.C. § 841(b)(1)(A)(iii).

3. The base offense level for the defendant's conspiracy offense is the same as if the object of the conspiracy had been completed. U.S.S.G. § 2X1.1. The defendant's total offense level was 29, which, in conjunction with his criminal history category of I, called for a Guidelines imprisonment range of 87 to 108 months. As is evident, the statutory maximum sentence for the conspiracy offense, sixty months, is less than the Guidelines range of 87 to 108 months. When this

U.S.C.A. § 371 (1966 & 1996 Supp.). Consequently, the danger against which the safety valve provision protects—a disproportionately severe mandatory minimum sentence—is not present in this case.

Because § 371 has no mandatory minimum sentence, Congress logically excluded it from the list of sections embraced by the safety valve provision, which, by its terms, only applies to convictions under 21 U.S.C. §§ 841, 844, 846, 961, and 963. 18 U.S.C.A. 1553(f) (1985 & 1996 Supp.); see H.Rep. 103-460, 103d Cong., 2d Sess. 6. It is a canon of statutory construction that the inclusion of certain provisions implies the exclusion of others. The doctrine of *inclusio unius est exclusio* "informs a court to exclude from operation those items not included in a list of elements that are given effect expressly by the statutory language." *United States v. McQuilkin*, 78 F.3d 105, 108 (3d Cir.1996) (quoting *In re TMI*, 67 F.3d 1119, 1123 (3d Cir.1995)) (holding that the Guidelines' safety valve provision does not apply to convictions under 21 U.S.C. § 860, the "schoolyard statute," because it is a separate offense from the underlying substantive offense, and it is not specifically enumerated in the provision).

Although the substantive offense underlying the defendant's conspiracy conviction, 21 U.S.C. § 841(a), is an offense under one of the sections enumerated in the safety valve provision, conspiracy under § 371 is a separate and distinct offense, and, thus, would have been specifically listed had Congress intended to include it within the purview of the safety valve provision.[4]

In short, the defendant's conspiracy offense under § 371 does not subject him to a mandatory minimum sentence nor is specifically listed in the safety valve provision as embraced thereby. Thus, the Court is not required to apply the safety valve provision to the offense of which the defendant was adjudged guilty—conspiracy under 18 U.S.C. § 371.[5] *See Blackwell*, 897 F.Supp. at 589 (safety valve provision does not directly concern 18 U.S.C. § 371, "under which there is no prescribed minimum sentence").

**2. The Defendant Does Not Satisfy the Grounds for Downward Departure Set Forth in the Safety Valve Provision Because He Did Not Truthfully Provide To The Government, Prior To Sentencing, All Information and Evidence the Defendant Had Concerning Offenses That Were Part of a Common Scheme or Plan.**

■ Even if the Court was required to apply the safety valve provision in this case, which it was not, the Defendant does not meet the requirements of that provision. One of the mitigating factors that must be present before the Court will depart downward in sentencing pursuant to the safety valve provision is that the defendant "has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C.A. § 3553(f). The U.S. Probation Officer's Presentence Investigation Report indicates that the defendant, by his own admission, possessed the controlled substances at issue in this case because he had agreed to transport them from the District of Columbia to South Carolina. Presentence Investigation Report, June 28, 1995, ¶ 10. Although the defendant appears to have cooperated with law enforcement officers to some extent, he refused to give them the names of persons from whom he obtained the controlled substances and to

---

occurs, the statutorily authorized maximum sentence, sixty (60) months in this case, is the Guidelines sentence, U.S.S.G. § 5G1.1(a), and the Guidelines range is inapplicable. Consequently, while it is appropriate to look to the Guidelines for sentencing guidance, the Guidelines range does not control the case. *United States v. Blackwell*, 897 F.Supp. 586, 588 (D.D.C. 1995) (Oberdorfer, J.).

4. Moreover, if the government wanted to bring conspiracy charges that would subject the defendant to the same penalties as those prescribed for an offense under § 841, it could have charged the defendant with conspiracy pursuant to 21 U.S.C. § 846, which carries mandatory minimum sentences and is specifically embraced by the safety valve provision. 21 U.S.C.A. § 846 (1985 & 1996 Supp.); 18 U.S.C.A. § 3553(f).

5. The Court limits its conclusions to the application of the safety valve provision to the conspiracy offense in this case. Other offenses and other facts may dictate different conclusions.

whom he was delivering them. *Id.* There is some indication that the defendant was not forthcoming with that information because he feared for his personal safety. *Id.* Notwithstanding the defendant's concerns, he cannot now come before the Court and argue that he fully cooperated with the Government prior to sentencing. The defendant, therefore, does not qualify for a downward departure under the safety valve provision and, thus, has not, and cannot, show actual prejudice from a failure by the Court to apply the safety valve provision.

### 3. The Defendant Has Failed to Show That the Court Did Not Consider the Mitigating Factors Set Forth in the Safety Valve Provision When Sentencing Him.

Absent the constraints of a mandatory minimum sentence, the Court is free to consider any mitigating factors recognized by the Guidelines when calculating a defendant's total offense level. *See* H.Rep. 103–460, 103d Cong., 2d Sess. 4 (1994). Because there was no mandatory minimum sentence constraining the Court in this case, there is no reason why the Court would not have taken into account any mitigating factors available for its consideration. In fact, the Presentence Investigation Report sets forth many of the factors the defendant raises here, including his short criminal history, the non-violent nature of his offense, his admission of guilt and the fact that the defendant was not an organizer or leader of other offenders. Presentence Investigation Report at ¶¶ 8–21. The defendant has failed to show that the Court did not consider these mitigating factors in calculating a Guidelines range, and in determining a final sentence. Accordingly, the defendant has not shown actual prejudice from a failure by the Court to apply the safety valve provision.

## II. THE DEFENDANT'S MOTION, IF VIEWED BY THE COURT AS A MOTION TO CORRECT AN ILLEGAL SENTENCE PURSUANT TO RULE 35 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, SHOULD BE DENIED AS UNTIMELY.

■ Although the defendant moves the Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, the Court may treat the *pro se* motion alternatively as one to correct an illegal sentence under Rule 35 of the Federal Rules of Criminal Procedure in order to avoid its dismissal on procedural grounds, if such treatment better or equally captures the nature of the motion. *See, e.g., Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 472–73, 7 L.Ed.2d 417 (1962); *Heflin v. United States,* 358 U.S. 415, 418, 422, 79 S.Ct. 451, 453, 455, 3 L.Ed.2d 407 (1959); *United States v. Coke,* 404 F.2d 836, 847 (2d Cir.1968). "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan,* 915 F.2d 622, 625 (11th Cir.1990) (treating defendant's Rule 35(a) motion as cognizable under 28 U.S.C. § 2255); *United States v. Fischer,* 821 F.2d 557, 558 (11th Cir.1987) (ruling that both § 2255 and Rule 35 may provide jurisdictional base for challenging sentence). However, because the defendant's motion must be denied under the statutory framework of either Rule 35 or 28 U.S.C. § 2255, it is unnecessary for the Court to determine at this time within which statutory framework the motion most appropriately fits.

■ If the defendant's motion is treated as a Rule 35 motion to correct an illegal sentence, it must be denied. Rule 35 of the Federal Rules of Criminal Procedure permits a sentence to be reduced: (1) on remand from an appeal pursuant to 18 U.S.C. § 3742; (2) on motion of the Government made within one year after the imposition of the sentence to reflect assistance or cooperation the defendant has given in the investigation or prosecution of another person who has committed an offense; or (3) within seven (7) days after the imposition of sentence in order to correct a sentence that was imposed as a result of arithmetical, technical, or other clear error. F.R.Cr.P. 35. Failing to challenge the sentence at sentencing or on direct appeal, the defendant could only bring a Rule 35 motion before the Court within seven (7) days of the imposition of his sentence. Because the de-

fendant failed to file his motion within the prescribed time period under Rule 35(c), his motion must be denied when viewed under the framework of Rule 35.

## CONCLUSION

For the foregoing reasons, the Court shall deny the defendant's § 2255 Motion to Vacate, Set Aside or Correct his Sentence. The Court shall issue an Order of even date herewith, consistent with the foregoing Memorandum Opinion.

## *ORDER*

For the reasons set forth in the Court's Memorandum Opinion of even date herewith, the Court shall deny the defendant's Motion to Vacate, Set Aside or Correct his Sentence, filed pursuant to 18 U.S.C. § 2255. Accordingly, it is, by the Court, this 11 day of September, 1996,

ORDERED that the defendant's Motion to Vacate, Set Aside, or Correct his Sentence shall be, and hereby is, DENIED.