MEMORANDUM OPINION
CHARLES R. RICHEY, District Judge.
INTRODUCTION
Before the Court is the defendant’s Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255. The defendant was convicted of possessing with the intent to distribute fifty (50) grams or more of cocaine base, pursuant to 21 U.S.C. § 841(a)(1) and (b)(l)(A)(iii). On March 23, 1992, the Court sentenced the defendant to 188 months imprisonment. The defendant appealed his conviction to the United States Court of Appeals for the District of Columbia Circuit, which denied the appeal on July 13, 1993.
In the present Motion, the defendant argues that he was denied effective assistance of counsel in the sentencing phase of his criminal proceedings because his counsel “failed to ensure that the government met its burden in establishing by a preponderance of evidence that the cocaine he was arrested with was in fact, ‘cocaine base’, which is crack.” Upon consideration of the defendants’ Motion, his reply thereto, the opposition thereto, the applicable law, the entire record herein, and for the reasons explained below, the Court shall deny the defendant’s Motion to Vacate, Set Aside, or Correct his Sentence.
DISCUSSION
I. THE DEFENDANT’S § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE MUST BE DENIED BECAUSE THE DEFENDANT HAS NOT SHOWN CAUSE WHY HIS CLAIM WAS NOT ASSERTED AT SENTENCING OR ON DIRECT APPEAL AND HAS NOT SHOWN THAT ACTUAL PREJUDICE RESULTED FROM A FAILURE BY THE GOVERNMENT TO PROFFER TESTIMONY AT SENTENCING THAT THE SUBSTANCE POSSESSED BY THE DEFENDANT WAS COCAINE BASE.
When a defendant has failed to raise a claim at sentencing and on direct appeal, that claim is barred from collateral review on a 28 U.S.C. § 2255 petition unless the defendant *30 demonstrates “cause” for his procedural default and “actual prejudice” from the alleged error on which the claim is based. See United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1593-94, 71 L.Ed.2d 816 (1982) (applying “cause and actual prejudice” standard to § 2255 motion to vacate sentence based on defective jury instructions when defendant failed to raise objection at trial or on direct appeal); United States v. Kleinbart, 27 F.3d 586, 590 (D.C.Cir.) (same), cert. denied, — U.S. -, 115 S.Ct. 456, 130 L.Ed.2d 365 (1994); Garvin v. United States, 882 F.Supp. 68, 70 (S.D.N.Y.1995) (applying “cause and actual prejudice” standard to collateral attack by the defendant of the term of his incarceration when defendant failed to raise issue on direct appeal).
A. The Defendant Has Not Shown Cause Why This Claim Was Not Raised at Sentencing or On Appeal.
The defendant argues that his § 2255 claim was not raised earlier in his criminal proceedings due to the error of his counsel. Attorney error short of ineffective assistance of counsel, however, “does not constitute cause for a procedural default.” Murray v. Carrier, 477 U.S. 478, 486, 106 S.Ct. 2689, 2644, 91 L.Ed.2d 397 (1986). Therefore, to show such cause, the defendant must establish that he was deprived of his right to effective assistance of counsel. To do so, he must show: (1) that the performance of counsel was deficient, i.e., “that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed defendant by the Sixth Amendment,” Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); and (2) that he was so prejudiced by the errors that there is a reasonable probability of a different outcome upon retrial. Id. at 694, 104 S.Ct. at 2068.
During the defendant’s trial, counsel for the defendant and the government stipulated that the substance possessed by the defendant was cocaine base. Trial Tr., Vol. I, at 51. Although the government called upon a Drug Enforcement Agency chemist to testify as to the nature and quantity of the controlled substance, counsel for the defendant stopped the government from doing so, stating that it would stipulate to the chemist’s findings. Accordingly, the chemist’s findings, which included the finding that the substance possessed by the defendant was cocaine base, were read into the record as stipulated.[1]
In light of his stipulation that the substance he possessed was cocaine base, the defendant cannot now come before the Court and argue that the government did not sufficiently prove such facts for the purposes of sentencing. The government met its burden of establishing that the substance possessed or sold is cocaine base by producing a chemist to so testify. United States v. Gaulteau, 4 F.3d 1003, 1004 (D.C.Cir.1993) (“Here, the government presented the testimony of a qualified expert who positively identified the substance tested as cocaine base. That testimony was sufficient to survive the defense motion and support the conviction.”); United States v. Brown, 859 F.2d 974, 976 (D.C.Cir.1988). The defendant’s stipulation that the substance was cocaine base merely places this conclusion beyond question. Thus, the defendant’s argument that his counsel’s failure to ensure that the government met its burden in establishing that the cocaine he possessed was, in fact, cocaine base constituted ineffective assistance of counsel is entirely without merit. Consequently, the defendant has not shown cause for his failure to raise this argument at sentencing or on appeal.
B. The Defendant Has Not Shown That Actual Prejudice Resulted From a Failure By the Government to Proffer Testimony At Sentencing That The Substance Possessed by the Defendant Was Cocaine Base.
The defendant also has failed to show any prejudice from the government’s failure to proffer testimony at sentencing as to the *31 nature of the substance possessed by the defendant. Because the government proved at trial that the defendant possessed cocaine base, testimony at sentencing simply would have been duplicative of the chemist’s testimony proffered and stipulated to at trial.
In addition, if the defendant were to prevail on his motion, the most he could claim was the right to be re-sentenced. The defendant, however, offers no evidence whatsoever that the substance he possessed, if qualitatively analyzed, would be found to be a substance other than cocaine base. Since the existing record indicates that the substance possessed by the defendant was cocaine base, and the defendant admitted at trial that the substance was cocaine base, the substance would be found to be cocaine base again at his re-sentencing. There is no reason why the Court should undertake such a meaningless exercise. The Court, therefore, concludes that the defendant has failed to show actual prejudice from a failure of the Government to provide testimony at sentencing that the substance he possessed was, in fact, cocaine base.
CONCLUSION
For the foregoing reasons, the Court shall deny the defendant’s § 2255 Motion to Vacate, Set Aside, or Correct his Sentence. The Court shall issue an Order of even date herewith, consistent with the foregoing Memorandum Opinion.
ORDER
For the reasons set forth in the Court’s Memorandum Opinion of even date herewith, the Court shall deny the defendant’s Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 18 U.S.C. § 2255. Accordingly, it is, by the Court, this 16 day of September, 1996,
ORDERED that the defendant’s Motion to Vacate, Set Aside, or Correct his Sentence shall be, and hereby is, DENIED.

. The stipulation read into the record was as follows:
The government and the defense stipulate that the contents of Government's Exhibit No. 6 have been analyzed by a DEA chemist and that her testimony would be that the substance inside weighs approximately 984.16 grams, and that it has been tested and proven to contain cocaine base in the strength of 60 percent, and that, after testing, a reserve amount of 975.98 grams is now currently in the heat-seal itself.
Trial Tr., Vol. I, at 51.