UNITED STATES of America

v.

Kirk D. GREENE, Defendant.

Crim. Action No. 91–0096 CRR.

United States District Court,
District of Columbia.

Jan. 7, 1997.

John M. Facciola, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, Washington, DC, appeared on the briefs, for Plaintiff.

Kirk D. Greene, pro se.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court are the defendant's Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 and the government's Opposition thereto. The defendant was convicted of possessing with the intent to distribute five (5) grams or more of cocaine base, pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). On August 26, 1991, the Court sentenced the defendant to 108 months imprisonment. The defendant appealed his conviction to the United States Court of Appeals for the District of Columbia Circuit, which denied the appeal on August 27, 1993.

In the present Motion, the defendant argues that he was denied effective assistance

of counsel in the sentencing phase of his criminal proceedings because his counsel failed to ensure that the government met its burden in establishing at sentencing by a preponderance of evidence that the cocaine he was arrested with was, in fact, "cocaine base," also known as "crack cocaine." Upon consideration of the defendants' Motion, the opposition thereto, the applicable law, the entire record herein, and for the reasons set forth below, the Court shall deny the defendant's Motion to Vacate, Set Aside, or Correct his Sentence.

## DISCUSSION

**I. The Defendant's § 2255 Motion to Vacate, Set Aside, or Correct His Sentence Must be Denied Because the Defendant Has Not Shown Cause Why His Claim Was Not Asserted At Sentencing or on Direct Appeal and Has Not Shown That Actual Prejudice Resulted From a Failure By the Government to Proffer Testimony At Sentencing That the Substance Possessed By the Defendant Was Cocaine Base.**

■ When a defendant has failed to raise a claim at sentencing and on direct appeal, that claim is barred from collateral review on a 28 U.S.C. § 2255 petition unless the defendant demonstrates "cause" for his procedural default and "actual prejudice" from the alleged error on which the claim is based. *See United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982) (applying "cause and actual prejudice" standard to § 2255 motion to vacate sentence based on defective jury instructions when defendant failed to raise objection at trial or on direct appeal); *United States v. Kleinbart,* 27 F.3d 586, 590 (D.C.Cir.) (same), *cert. denied,* 513 U.S. 978, 115 S.Ct. 456, 130 L.Ed.2d 365 (1994); *Garvin v. United States,* 882 F.Supp. 68, 70 (S.D.N.Y.1995) (applying "cause and actual prejudice" standard to collateral attack by the defendant of the term of his incarceration when defendant failed to raise issue on direct appeal).

**A. The Defendant Has Not Shown Cause Why This Claim Was Not Raised at Sentencing or On Appeal.**

■ The defendant argues that his § 2255 claim was not raised earlier in his criminal proceedings due to the error of his counsel. Attorney error short of ineffective assistance of counsel, however, "does not constitute cause for a procedural default." *Murray v. Carrier,* 477 U.S. 478, 486, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986). Therefore, to show such cause, the defendant must establish that he was deprived of his right to effective assistance of counsel. To do so, he must show: (1) that the performance of counsel was deficient, i.e., "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed defendant by the Sixth Amendment," *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); and (2) that he was so prejudiced by the errors that there is a reasonable probability of a different outcome upon retrial. *Id.* at 694, 104 S.Ct. at 2068.

■ During the defendant's trial, the government elicited the testimony of Mr. Steven M. Demchuk, a forensic chemist with the U.S. Drug Enforcement Agency ("DEA"), who testified that the substance found on the defendant relating to Count I of the indictment—the count on which the defendant was convicted—was cocaine base, known on the street as "crack cocaine." In fact, Mr. Demchuk testified extensively as to the difference between the 35.55 grams of cocaine base, marked as Government's Exhibit 2, which the defendant was convicted of possessing and the 18.21 grams of cocaine hydrochloride, marked as Government's Exhibit 3, which the defendant was found not guilty of possessing with intent to distribute. The following colloquy occurred at the defendant's trial:

PROSECUTOR: ... What's the difference between the cocaine base, as you found in Government's Exhibit 2, and cocaine hydrochloride, as you found in Government's Exhibit 3?

MR. DEMCHUK: Cocaine hydrochloride is a form of cocaine which is basically in acid form. It is soluble in water, and being dissolvable in water, it can be injected or absorbed through the nasal

passages, but the melting point is so high that you cannot heat it for use in a pipe, as opposed to cocaine base, which is in Government's Exhibit 2, and this form basically has an acid form chopped off of it, and the melting point is a lot lower so it can be used in a pipe, but in such form will not dissolve in water and cannot be used in the nasal passages or injected in that form. That is why there are different forms of cocaine.

PROSECUTOR: Now if I may summarize—

THE COURT: Is one—

PROSECUTOR: Excuse me, Your Honor?

THE COURT: Is one called cocaine base?

MR. DEMCHUK: Yes, Your Honor.

THE COURT: And what is the street term for that, if you know?

MR. DEMCHUK: Crack.

THE COURT: All right. What is just plain cocaine?

MR. DEMCHUK: Cocaine we call a form which we did not determine.

THE COURT: In this case, you didn't make that determination?

MR. DEMCHUK: Oh, I did, Your Honor. That one form was cocaine base and one was cocaine hydrochloride.

THE COURT: And what is cocaine, cocaine hydrochloride? Is that a watery substance or a powdery substance?

MR. DEMCHUK: It is a powdery substance, Your Honor.

THE COURT: Very well. Thank you very much.

PROSECUTOR: And what you're saying is, cocaine base can be smoked. Is that what you testified to?

MR. DEMCHUK: Yes, sir.

PROSECUTOR: Whereas cocaine hydrochloride cannot, and instead it's used by injecting it or snorting it?

MR. DEMCHUK: Yes, sir.

PROSECUTOR: Okay. Now, are you familiar with how cocaine base is made?

MR. DEMCHUK: Yes, sir.

PROSECUTOR: And could that cocaine hydrochloride have been used to make cocaine base?

MR. DEMCHUK: Any cocaine hydrochloride can be made into cocaine base by neutralizing the acid with something, such as sodium bicarbonate or baking soda.

Trial Tr., Vol I, 148–151. The foregoing trial testimony unequivocally shows that the 35.55 grams of cocaine base found on the defendant was crack cocaine, not cocaine hydrochloride.

In light of the government's evidence that the controlled substance found on the defendant relating to Count I of the indictment was cocaine base, also known as crack cocaine, the defendant cannot now come before the Court and argue that the government did not sufficiently prove such facts for the purposes of sentencing. The government met its burden of establishing that the substance possessed or sold is cocaine base by eliciting the testimony of a chemist who tested the substance and found it to be crack cocaine. *United States v. Gaulteau*, 4 F.3d 1003, 1004 (D.C.Cir.1993) ("Here, the government presented the testimony of a qualified expert who positively identified the substance tested as cocaine base. That testimony was sufficient to survive the defense motion and support the conviction."); *United States v. Brown*, 859 F.2d 974, 976 (D.C.Cir.1988). Thus, the defendant's argument that his counsel's failure to ensure that the government met its burden in establishing that the cocaine he possessed was, in fact, cocaine base constituted ineffective assistance of counsel is entirely without merit. Consequently, the defendant has not shown cause for his failure to raise this argument at sentencing or on appeal.

**B. The Defendant Has Not Shown That Actual Prejudice Resulted From a Failure By the Government to Proffer Testimony At Sentencing That The Substance Possessed by the Defendant Was Cocaine Base.**

█ The defendant also has failed to show any prejudice from the government's failure to proffer testimony at sentencing as to the nature of the substance possessed by the defendant. Because the government proved at trial that the defendant possessed cocaine

**128**

base, testimony at sentencing simply would have been duplicative of the chemist's testimony proffered at trial.

In addition, if the defendant were to prevail on his motion, the most he could claim was the right to be re-sentenced. The defendant, however, offers no evidence whatsoever that the substance he possessed, if qualitatively analyzed, would be found to be a substance other than cocaine base. Since the existing record indicates that the substance possessed by the defendant was cocaine base, the substance would be found to be cocaine base again at his re-sentencing. There is no reason why the Court should undertake such a meaningless exercise. The Court, therefore, concludes that the defendant has failed to show actual prejudice from a failure of the Government to provide testimony at sentencing that the substance he possessed was, in fact, cocaine base.

### CONCLUSION

For the foregoing reasons, the Court shall deny the defendant's § 2255 Motion to Vacate, Set Aside, or Correct his Sentence. The Court shall issue an Order of even date herewith, consistent with the foregoing Memorandum Opinion.

### ORDER

For the reasons set forth in the Court's Memorandum Opinion of even date herewith, the Court shall deny the defendant's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 18 U.S.C. § 2255. Accordingly, it is, by the Court, this 7th day of January, 1997,

ORDERED that the defendant's Motion to Vacate, Set Aside, or Correct his Sentence shall be, and hereby is, DENIED.